UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RUSSELL DEAN BAKER, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-276-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Russel Dean Baker, Jr., ("Baker") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11] Through this action, Baker seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a period of disability, disability insurance benefits ("DIB"), or Supplemental Security Income ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Baker.

**I.    BACKGROUND**

Baker filed his application for a period of disability, DIB, and SSI on December 9, 2004, alleging disability as of March 1, 2003. His claims were denied initially and upon reconsideration. On December 11, 2006, a video teleconference hearing was conducted before

Administrative Law Judge ("ALJ") Gloria B. York in Lexington, Kentucky, with the claimant appearing from Hazard, Kentucky. During the hearing, the ALJ heard testimony from Baker and Martha Gross, a vocational expert. Thereafter, on January 5, 2006, the ALJ issued a decision denying benefits to Baker, concluding that he does not have any impairments or combination of impairments that met the disability requirements. [Transcript, pp. 30-38 ("Tr., p.__")] Baker's request for review was denied by the Appeals Council on June 16, 2007. [Tr., pp. 9-11]

At the time of the alleged disability onset, Baker was 21 years old with a limited education. [Tr., p. 36] He has past relevant work as a customer service representative, a stock clerk, and a first responder/transporter. [*Id.*] He claims disability due to several impairments, including bipolar disorder, myofascial strain, pulmonary conditions, and heart palpitations. After reviewing and evaluating the medical evidence of record and the testimony at the hearing, the ALJ found that Baker retained the residual functioning capacity to perform a limited range of medium work. [Tr., p. 34] More specifically, the ALJ found that Baker could "lift and carry 50 pounds occasionally and 25 pounds frequently and stand and walk at least six hours out of eight, but he is limited to routine, repetitive, object rather than people oriented tasks in a low stress environment." [Tr., p. 34] Accordingly, he concluded that Baker was not disabled as defined in the Social Security Act and regulations. [Tr., p. 38]

## II.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the

first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and*

*Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Notably, credibility determinations are particularly within the province of the ALJ and are "to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

### III.  DISCUSSION

Baker contends that the ALJ's decision is not supported by substantial evidence for two reasons. First, he contends that the ALJ made an improper credibility determination regarding his subjective complaints of pain and limitations. Second, he asserts that the ALJ erred in failing to consider the findings of his treating physicians at Kentucky River Community Care and Anne Wasson Rural Health Center. According to Baker, the ALJ effectively acted as her own medical expert by rejecting these findings as well as the claimant's subjective complaints. Baker seeks reversal of the ALJ's decision and remand of this matter for further proceedings.

In general, a claimant's subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating the claimant's allegations, an ALJ should look to the medical evidence

to determine if the complaints of pain have an objective basis, as reference to medical evidence is helpful in making credibility determinations concerning such claims. Further, as noted above, "an ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse*, 502 F.3d at 542 (citing *Walters*, 127 F.3d at 531).

To support a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In the present case, Baker alleges disability due to a variety of psychological and physiological symptoms, including bipolar disorder, myofascial strain, pulmonary impairments, stomach problems, and heart palpitations. At the hearing, he testified that he could not handle stress and suffered from panic attacks, serious depression, mood swings and anxiety, as well as back pains, breathing problems, shoulder pains, and attention deficit disorder. [Tr., p. 555, 566] He also testified that he has side effects from the medication for his conditions, including

stomach irritation, sleepiness, and acid reflux. [Tr., pp. 556-57] However, Baker testified that some of the medicines do control his conditions, such as the stomach problems and heart palpitations. [Tr., p. 558-59]

In evaluating Baker's allegations, the ALJ examined the objective medical evidence and concluded that "the claimant's medically determinable impairments can reasonably be expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not credible." [Tr., p.35] Specifically, the ALJ noted that,

> [t]he Administrative Law Judge finds the claimant's allegations not credible. He has been treated for depression and a possible bipolar disorder, but there is nothing in the evidence to support the panic attacks he alleged or the level of depression he alleged. He has a remote thoracic compression fracture with myofascial pain, but there is not evidence to support the degree of physical limitation he alleged. In fact, the claimant has had very little ongoing treatment other than some group therapy at a mental health center intermittently. He is able to drive, help with chores, and attend church regularly. He also visits with others and interacts with his family in spite of his alleged depression and frequent panic episodes. None of his treating mental health professionals have reported he is unable to work and Mr. Catt, the consultative psychologist noted only a moderate limitation in mental function, in spite of the global assessment of function of 50 reported. The limitations noted by M. Catt are consistent with those determined in the residual functional capacity.
>
> The Administrative Law Judge carefully observed the claimant via video and notes he was not in any obvious pain or discomfort when walking into or out of the hearing room or while seated during the hearing. Although the claimant alleged a mental impairment, he related well to the Administrative Law Judge and to his representative during the hearing and was able to answer questions quickly and appropriately with no evidence of a memory or concentration problem.

[Tr., p. 36]

The Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543 (quoting *Walters*, 127 F.3d at 531). Here, objective medical evidence confirms that Beker suffers *some* degree of pain, depression, and mental limitations as a result of his impairments. However, in evaluating Baker's testimony and claims, the ALJ found that the alleged severity of the limitations was not credible. Although Baker contends that the ALJ failed to articulate specific reasons for rejecting these allegations in accordance with SSR 96-7p, the ALJ's decision clearly reflects a thorough, painstaking, and comprehensive evaluation of all Baker's claims and his reasons for rejecting them. In light of the evidence presented to the ALJ and the ALJ's specific findings for rejecting the Claimant's testimony, this Court finds that the ALJ's decision was entirely reasonable decision and one the ALJ was entitled to make. *See* SSR 96-7p; *Gooch*, 833 F.2d at 592.

Baker next asserts that the ALJ acted as his own medical expert by failing to consider the opinions of his treating physicians. Generally, "the opinions of treating physicians are entitled to controlling weight." *Cruse*, 502 F.3d at 540 (citing *Walters*, 127 F.3d at 529-30). However, the "opinion of a treating physician is entitled to greater weight *only* if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002) (emphasis added). In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted if: (1) it is not supported

by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

Here, Baker alleges that the ALJ improperly rejected the findings of two treating physicians, the Kentucky River Community Care and Anne Wasson Rural Health Center However, contrary to Baker's arguments, the ALJ accepted these treating physicians' diagnosis of bipolar disorder and depression [*See* Tr., p. 36], but concluded that Baker's allegations of the severity of these conditions were not entirely credible. The ALJ specifically noted that neither of the treating physicians determined that Baker was disabled and that there was no evidence in the record to support the allegations of panic attacks, serious depression, and other disabling limitations. [*Id.*] As discussed above, such credibility determinations are wholly within the province of the ALJ and are entitled to great weight on review.

Moreover, no treating physician or consultative examining physician in the record recommended restrictions greater than those imposed by the ALJ. Considering the claimant's age, allegations, and the medical evidence in the record, the ALJ reasonably concluded that Baker had the residual functioning capacity to perform a limited range of medium work, including lifting and carrying up to 50 pounds occasionally and 25 pounds frequently, standing and walking at least six hours out of eight, as well as limiting the kind of work to routine, repetitive, object rather than people-oriented tasks in a low stress work environment. [Tr., p. 34]

-9-

Further, Baker has failed to point to any specific medical diagnosis or notations that the ALJ rejected and that could support a finding of disability within the meaning of the Social Security Act and regulations. The only claim Baker asserts (without citation to any medical evidence or allegations in the record) is that the ALJ failed to adequately consider Baker's pulmonary limitations. However, the record reflects that the only diagnosis regarding the alleged breathing limitations was a diagnosis of bronchitis in March 2006. [Tr., 414-19] By June 28, 2006, a chest x-ray showed no evidence of active pulmonary disease. At the hearing, Baker noted that he had difficulty breathing, but that he believed this to be a product of the anxiety attacks.

Based on the ALJ's clear, thorough statements regarding the credibility of the claimant and the objective medical evidence in the record, this Court cannot conclude that the ALJ's decision is not supported by substantial evidence. The ALJ made specific findings regarding credibility, and thoroughly considered all relevant medical evidence in the record. Baker has failed to point to any evidence in the record, or any recommendation of a treating or examining physician that contradicts the ALJ's decision. Therefore, this Court finds that the ALJ properly determined that Baker was not disabled within the meaning of the Social Security Act and regulations.

### IV. CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Baker's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 13th day of February, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge